Jeffrey T. Colemere (#8527)
COLEMERE GIBBS & STOUT, PLLC
13961 South Minuteman Drive, Suite 100
Draper, Utah  84020
Telephone: (801) 364-4040
Emails:  jeff@cgsutahlaw.com
*Attorneys for Defendant Illuminate Labs, Inc.*

**IN THE UNITED STATES DISTRICT COURT,**

**IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SANMEDICA INTERNATIONAL, LLC, a Utah limited liability company and NOVEX BIOTECH, LLC, a Utah limited liability company,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BULLETPROOF 360, INC.; and ILLUMINATE LABS,<br><br>    Defendants. | **NOTICE OF REMOVAL**<br><br>Case No.:  2:23-cv-390<br>Judge: _____<br>Magistrate Judge:_____ |

Defendant, Illuminate Labs, Inc., hereby removes Case No.  230903323 from the Third Judicial District in and for Salt Lake County, State of Utah to the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and as grounds for its removal states:

**GROUNDS FOR REMOVAL**

1.    On May 10, 2023, Plaintiffs Sanmedica International, LLC and Novex Biotech, LLC, (the "Plaintiffs") filed a Complaint in the Third Judicial District in and for Salt Lake County, Utah styled *Sanmedica International, LLC and Novex Biotech, LLC v. Bulletproof 360*

*and Illuminate Labs*, Case No. 230903323 (the "State Court Action"). A copy of the Complaint is attached as **Exhibit 1**.

2. Illuminate Labs, Inc. ("Illuminate Labs") was served with the Summons and Complaint on May 24, 2023 by serving a copy on Illuminate Labs' registered agent, Calloway Cook. A copy of the return of service is attached as **Exhibit 2**.

3. As of the date of the filing of this removal, Plaintiffs have not served Defendant Bulletproof 360, Inc. ("Bulletproof 360"). Notwithstanding that Plaintiffs filed an affidavit for service on Bulletproof 360, purporting that process was served on "Bulletproof 360, Inc. c/o Calloway Cook", see **Exhibit 3**, Mr. Cook is not an officer, director, attorney, shareholder, employee, agent, or registered agent for service of process of Bulletproof 360, and neither Illuminate Labs nor Bulletproof 360 are an owner, parent or subsidiary of the other. See **Exhibit 4**, declaration of Calloway Cook, ¶¶ 3-4.

4. The Complaint asserts five causes of action against Illuminate Labs, including: (1) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) declaratory judgment; (3) false advertising in violation of the Utah Truth in Advertising Act; (4) civil conspiracy; and (5) business disparagement.

5. Plaintiffs' lead claim is premised on the alleged violation of federal law, specifically the Lanham Act, 15 U.S.C. § 1125(a). Each of the four remaining causes of action are related to Plaintiffs' claim for violation of the Lanham Act and form part of the same case or controversy.

6.      Specifically, Plaintiffs allege that Illuminate violated the Lanham Act making false and deceptive descriptions in commercial advertising and marketing to misrepresent Plaintiffs' products. See **Exhibit 1**, pp. 7-14.[1]

7.      The Lanham Act claim is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and may be removed to this Court by Illuminate pursuant to 28 U.S.C. § 1441(a).[2]

8.      Each of Plaintiffs' other claims all rely upon and incorporate the same allegations of the same statements and representations comprising the false advertising alleged in support of the Lanham Act claim, and therefore all of the claims share a common nucleus of operative fact:

   a. Plaintiffs seek declaratory judgment that Illuminate's statements about Plaintiffs are false and misleading and that Plaintiffs have suffered injury and have caused public confusion;

   b. Plaintiffs' state false advertising claim is premised on allegations that the same statements are false, misleading, and disparage the goods and business of Plaintiffs, causing Plaintiffs injury in violation of the Utah Truth in Advertising Act;

---

[1] Illuminate refers to pages in the Complaint rather than paragraph numbers because the paragraphs are numbered inconsistently throughout the Complaint. For example, Plaintiffs allege paragraphs 1-14 on pages 3 through 6, restart numbering with paragraphs 9-20 on pages 6 through 7, restart numbering again with paragraph 17 on page 8 (skipping paragraph 18, nut including two paragraph 24s, skipping paragraphs 30-32 and adding in their place another paragraph 23, then skipping paragraphs 36-45), as well as numerous other paragraph numbering errors and anomalies thereafter.

[2] This Court also likely has original jurisdiction pursuant to 28 U.S.C. § 1332, but at this time Illuminate cannot determine the citizenship of the members of the Plaintiffs.

      c. Plaintiffs' conspiracy claim is premised on allegations that Illuminate and Bulletproof 360 had a "common and shared object to be accomplished" in making the same allegedly false representations about Plaintiffs and their products; and

      d. Plaintiffs' business disparagement claim is likewise premised on allegations that the same allegedly false representations caused Plaintiffs to suffer damages.

9. Because the state law claims arise from a common nucleus of operative fact as the Lanham Act claim, this Court has discretion to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

10. The Court should exercise supplemental jurisdiction over those claims because none the claims raise a novel or complex issue of state law, substantially predominates of the Lanham Act claim, or present any other compelling reason for declining jurisdiction. See 28 U.S.C. §1367(c)(1), (2) and (4).

11. Pursuant to 28 U.S.C. § 1146(a) and DUCivR 81-2, a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action are file with this Notice of Removal.

12. This Notice of Removal has been filed within thirty (30) days of the date that Illuminate was served with the Complaint. Removal is therefore timely in accordance with 28 U.S.C. § 1146(b).

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Utah is the federal district court

embracing the Third Judicial District in and for Salt Lake County, Utah, where the State Court action was originally filed.

## CONCLUSION

By this Notice of Removal, Illuminate does not waive any objection it may have to service, jurisdiction, or venue, or any other defenses or objections it may have in this action. Illuminate makes no admission of fact, law, or liability by this Notice and expressly reserves all defenses, motions, and pleas.

DATED this 13th day of June 2023.

**COLEMERE GIBBS & STOUT, PLLC**

/s/ Jeffrey T. Colemere*
Jeffrey T. Colemere
*Attorneys for Defendant Illuminate Labs, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2023, pursuant to DUCivR 5-1(a), I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be delivered via the Court's CM/ECF electronic filing system, electronic mail or via U.S. First Class Mail to the following:

Jason M. Kerr
Steven W. Garff
Alan Dunaway
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive, Suite 101
Salt Lake City, UT  84116
jasonkerr@ppktrial.com
ronprice@ppktrial.com
alandunaway@ppktrial.com

/s/ Jeffrey T. Colemere